UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LENTZ,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

Case No.  2:24-cv-10198
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 4)

### I.  Introduction

This is a prisoner civil rights case.  Plaintiff Gary Lentz, (Lentz), proceeding *pro se*, filed a complaint naming the following as defendants:  Michigan Department of Corrections, Heidi Washington (Washington), Aleksandra Wilanowski, Scott Webster (Webster), Joshua Walendzik, Baily, Guass, Valenzik, Joni Maclean (Maclean), Colleen Edgington, Rusch, Kim Faris, Spencer, Brunson, Hernandez, Cohill, Caporucho, Nguyen, Sanders, Napolitano, Miller, White,

1

Harold Obiakor, and Wellpath. (ECF No. 1).[1] Lentz asserts federal claims under § 1983, the Americans with Disabilities Act, as well as state law claims for assault and battery, gross negligence, intentional infliction of emotional distress, and medical malpractice and has been given medication which causes an allergic reaction. In broad terms, Lentz claims that he is not receiving proper treatment for his mental health condition. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been recently referred to the undersigned. (ECF No. 29).

Before the Court is Lentz's motion for the appointment of counsel. (ECF No. 4).[2] For the reasons that follow, the motion will be DENIED WITHOUT PREJUDICE.

## II.  Legal Standard

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal

---

[1] Some, but not all, of the defendants have appeared. Defendants Guass and Maclean have filed a motion to dismiss (ECF No. 28), to which Lentz will be directed to file a response.
[2] Lentz also filed a motion for a preliminary injunction. (ECF No. 3). That motion will be the subject of a separate Report and Recommendation.

2

issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

### III.   Discussion

Lentz says that he needs counsel because his case is factually and legally complex, that he suffers from a mental illness that hinders his ability to concentrate, and has only limited assistance from a jailhouse lawyer, and the case will turn on credibility issues. "An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.'" (ECF No. 18, PageID.67 (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)). While deciding this case will likely involve medical records and legal issues regarding medical care, these issues are not unusually complex in terms of prisoner civil rights litigation.

Furthermore, the barriers Lentz faces due to incarceration are not unique or exceptional and do not justify appointment of counsel. *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

Should Lentz's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time.

3

IV. Conclusion

For the reasons stated above, McCoy's second motion for the appointment of counsel, (ECF No. 38), is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: June 7, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2024.

s/Kristen Castaneda  
KRISTEN CASTANEDA  
Case Manager acting in the absence  
of Carolyn Ciesla