UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LENTZ,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

Case No.  2:24-cv-10198
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDAION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 3)[1]

### I.    Introduction

This is a prisoner civil rights case.  Plaintiff Gary Lentz, (Lentz), proceeding *pro se*, filed a complaint naming the following as defendants:  Michigan Department of Corrections (MDOC), Heidi Washington (Washington), Aleksandra Wilanowski (Wilanoski), Scott Webster (Webster), Joshua Walendzik (Walendzik), Baily, Guass, Valenzik, Joni Maclean (Maclean), Colleen Edgington

---

[1] Motions for TROs and preliminary injunctions are dispositive, and thus the undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

1

(Edington), Rusch, Kim Faris (Faris), Spencer, Brunson, Hernandez, Cohill, Caporucho, Nguyen, Sanders, Napolitano, Miller, White, Harold Obiakor (Obiakor), and Wellpath.  (ECF No. 1).[2]  Lentz asserts federal claims under § 1983, the Americans with Disabilities Act, as well as state law claims for assault and battery, gross negligence, intentional infliction of emotional distress, and medical malpractice.  In broad terms, Lentz claims that he is not receiving proper treatment for his mental health condition and has been given medication which causes an allergic reaction.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been recently referred to the undersigned.  (ECF No. 29).

Before the Court is Lentz's "Motion for Temporary Restraining Order and Preliminary Injunction."  (ECF No. 3).  Lentz says that injunctive relief is warranted because he is being given medication to treat his mental illness that results in an allergic reaction "causing pain and permanent scarring of his skin."  (ECF No. 3, Page.ID.78).  The MDOC Defendants have filed a response as

---

[2] Defendants Guass and Maclean have appeared through counsel and filed a motion to dismiss (ECF No. 28), to which Lentz has been directed to file a response by July 8, 2024.  (ECF No. 31).  The MDOC, Washington, Webster, Rusch, Spencer, Hernandez, Cohill, Caporucho, Nguygen, Sanders, Napolitano, Miller, and White ("the MDOC Defendants") have appeared through counsel.  (ECF No. 14).  Wellpath has also appeared though counsel.  (ECF No. 52).  The MDOC was directed to provide addresses for the following defendants:  Wilanowski, Walendzik, Valenzik, Edington, Faris, Brunson, and Obiakor.  (ECF Nos. 36-42).  The Marshal has acknowledged receipt of service documents for Wilanowski, Brunson, Edgington, Faris, Obiakor and Walendzik.  (ECF Nos. 50, 51).  To date, Faris and Obiakor have appeared through counsel.  (ECF No. 56).

directed, arguing that the motion should be denied for several reasons including the fact that Lentz is no longer being given the medication which he alleges caused his rash. (ECF No. 49).

For the reasons that follow, the undersigned RECOMMENDS that Lentz's motion be DENIED.

## II.  Lentz's Complaint

In the complaint, Lentz states, "On October 5, 2023, Defendants began injecting Plaintiff with [Risperdal] Consta, another psychotropic medication that Plaintiff is allergic to." (ECF No. 1, PageID.6).  Lentz further says that he "began seeking medical attention for a severe rash on his hands, arms, torso, abdomen, legs, and feet caused by the allergic reaction to the [Risperdal].  It resembles a severe case of [chicken pox] or [scabies]." (*Id.*)  Lentz goes on to say that on November 7, 2023, "Defendant Wilanowski . . . increased his [Risperdal] Consta dosage by double, from 25 mgs. to 50 mgs." (*Id.*, PageID.7).  Lentz further alleges that in November and December 2023, Defendants "repeatedly assaulted and battered Plaintiff by the offensive touching of injecting him with [Risperdal] Contra." (*Id.*, PageID.7-8).

## III.  Legal Standard

Courts in the Sixth Circuit apply the same standard to a motion for a temporary restraining order (TRO) and a motion for a preliminary injunction.

3

*Summit Cnty. Democratic Cent. & Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Under that standard, the factors are: (1) whether the movants have a strong likelihood of success on the merits, (2) whether the movants would suffer irreparable injury absent a TRO or preliminary injunction, (3) whether granting the TRO or preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the TRO or preliminary injunction. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

In considering a motion for a preliminary injunction, the Court must weigh the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a preliminary injunction, (3) whether granting the preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunction. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). According to the Sixth Circuit, these "are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). No one single factor is controlling; however, "a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed." *Mich. State v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). In other words, "although no one factor is controlling, a finding that there

4

is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). "'[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion' because a preliminary injunction is an extraordinary remedy." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (quoting *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000)). "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." *Id.* (citing *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 441 (1974)). Furthermore, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with caution and recognize the unique nature of the prison setting. *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Harris v. Wilter*, 596 F.2d 678, 680 (5th Cir. 1979).

## IV.   Discussion

### A.   Timing of Lentz's Motion

As an initial matter, Lentz filed his motion before any defendants were served. Thus, at the time he filed the motion, he did not provide notice to defendants as required under Rule 65. Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction *only on notice to the adverse party*." (emphasis added). A preliminary injunction cannot be issued

5

before the defendants are served. *See Trevino v. Horizon Bankcorp, Inc.*, 2015 WL 12591758, at *1 (W.D. Mich. Dec. 17, 2015) ("Because Horizon Bank had not yet been served with the complaint and the motion, this Court could not have granted Trevino's motion for a preliminary injunction prior to the auction.").

As such, the extraordinary relief of a preliminary injunction was unwarranted at that time. *See Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020) (finding that a plaintiff's "motions [for a preliminary injunction and a temporary restraining order] are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed with.").

B. Merits of Lentz's Motion

However, after the MDOC Defendants appeared through counsel and given the nature of Lentz's motion, the undersigned directed the MDOC Defendants to file a response to the motion, (ECF No. 32), and they have done so, (ECF No. 49). Notably, the MDOC Defendants have attached Lentz's medical records to their response. Thus, the undersigned will consider the merits of the motion. To that end, the MDOC Defendants argue that Lentz has not shown a likelihood of success on the merits, has not shown an irreparable injury, and that the public interest is not

served by granting Lentz's motion.

1. Likelihood of Success

The MDOC Defendants argue that has no likelihood of success on the merits because he is no longer receiving injections of Risperdal Consta, and it does not appear that the medication was the cause of his skin rash.

A review of Lentz's medical records shows the following. On October 10, 2023, Lentz received 12.5 mg injection of Risperidone (Risperdal Consta)for the first time. (ECF No. 49-1, PageID.353). Lentz received a second injection on October 24, 2023. (*Id.*). On October 31, 2023, Lentz reported to Walendzik that "he has had these small red bumps on his legs, feet, and abdomen for 1½ months. Inmate states they get itchy and burn occasionally." (*Id.*). The record reflects that Lentz had "diffuse bumps on both legs and some on the top of his feet." (*Id.*). Lentz "reports no allergies that he is aware of aside from allergy to Haldol and Prolixin." (*Id.*). Walendzik reported that Lentz told him "he washes his clothing in his cell. I advised inmate to have clothing washed by laundry instead of washing inside his cell." (*Id.*). Lentz received 25 mg injections of Risperidone on November 7 and 21, 2023. (*Id.*, PageID.355). Lentz received 37.5 mg injections of Risperidone on December 5 and 19, 2023. (*Id.*, PageID. 356). On January 3, 2024, a psychiatric administrative note stated that health care was "discontinuing Risperdal Consta injection due to limited clinical benefit after three dose titrations

(still presenting with delusions and hypersexual behaviors)." (*Id.*, PageID.360). The note further indicated that "Dose was due yesterday and not administered yet. Discontinue due to medication change today—will be seen for medication review this afternoon." (*Id.*). This note also indicated that Lentz's only known medication allergies were to Haldol and Prolixin, which was "verified with previous MARs [Medication Administration Records] from NexGen." (*Id.*). NexGen is the electronic medical file database used by MDOC Healthcare to store patients' medical records, including health care encounters, diagnoses, and medication administration.

A February 2, 2024, Psychopharm Progress Note indicates that Lentz "reports [that] rash continues to cover body—observed during appointment arms/hands/legs/neck." (*Id.*, PageID.359). The note further stated that Lentz is "still adamant it is a result of being on Risperdal Consta. He was reminded that his rash began BEFORE he was started on Risperdal Consta, and the rash has continued 6 weeks beyond the last Risperdal Consta injection—therefore, the time frame does not line up with this conclusion." (*Id.*).

A February 27, 2024, clinical encounter notes that Lentz was at the clinic for a follow-up evaluation of his scabies treatment and indicated that his first dose of medication for scabies was given on February 5, 2024, and his second dose was given on February 12, 2024. (*Id.*, PageID.358). Lentz told healthcare that "he

8

feels much better," and "reports his lesions/rash is dissipating." (*Id.*). In a May 15, 2024, clinical encounter report, it notes that there were "[n]o signs or symptoms of scabies seen on skin examination" after the two treatments he received, and Lentz reported "that he feels much better." (*Id.*, PageID.357).

As the MDOC Defendants note, Lentz is not seeking injunctive relief in the form of an order to receive medical treatment, but rather to stop defendants from continuing to inject him with Risperdal Consta. (*See* ECF No. 3, PageID.78). However, by the time Lentz filed this motion on January 25, 2024, the medical records show that he was no longer receiving injections of the medication that he alleges was causing him harm. (ECF No. 49-1, PageID.360). Lentz has received no further injections of the Risperdal Consta after January 3, 2024. Additionally, the rash that Lentz experienced began a month and a half prior to receiving his first injection. (*Id.*, PageID.353). And the rash continued into February as noted by health care staff which was after he was no longer receiving Risperdal Consta. (*Id.*, PageID.359). Therefore, it is highly unlikely that Lentz will prevail on his claims that the Risperdal Consta injections caused him any harm. Thus, this factor does not point in favor of injunctive relief.

2. Irreparable Harm

The MDOC Defendants also argue that cannot demonstrate that he is in imminent danger of irreparable harm when medical records show that his Risperdal

9

Consta injections were stopped as of January 3, 2024. (*Id.*, PageID.360). the undersigned agrees. Given that the medical providers stopped the injections because they were not deemed to be effective, there is no reason to believe that Lentz will be given the medication again. (*See id.*, PageID.357). In addition, the record has not established that the rashes were caused by the medication and, in fact, appear to have been caused by a scabies infection. (*Id.*). In sum, Lentz has not shown a sufficient fact basis to show irreparable harm. This factor does not weigh in support of granting Lentz injunctive relief.

### 3. Public Interest

The purpose of a preliminary injunction is to preserve the status quo unless the existing status quo in fact is causing irreparable injury. *Stenberg v. Checker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). The MDOC Defendants also argue that the public interest does not support granting Lentz. Although the public has a general interest in preventing harm to others, Lentz has not shown that any imminent or irreparable harm will occur regarding the injection of the Risperdal Consta. His medical records clearly show that the harm he complains of, the skin rash, was present a month and a half before the medication was administered in October 2023. (*Id.*, PageID.353, 360). The rash also continued more than a month after the injections were cancelled, until he received injections for a scabies infection which ultimately cleared his skin rash. (*Id.*, PageID.357, 359). Thus, a

preliminary injunction or temporary restraining order is not necessary because there is no ongoing need for relief.

Finally, Lentz's motion is contrary to the basic purpose of preliminary injunctive relief. "The purpose of a preliminary injunction is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). Since there is no ongoing circumstance that would threaten the status quo before Lentz has an opportunity to present his case, this motion should be denied.

V. Conclusion

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Lentz's motion for a preliminary injunction or temporary restraining order, (ECF No. 3), be DENIED.

Dated: July 1, 2024　　　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**<u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager