UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GARY LENTZ,**<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**MICHGAN DEPARTMENT OF CORRECTIONS, et al.,**<br><br>　　　　　　Defendants. | **2:24-CV-10198-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br>HON. KIMBERLY G. ALTMAN<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION**<br>**(ECF NO. 57)** |

　　　　Plaintiff Gary Lentz is a Michigan prisoner housed at the Macomb Correctional Facility. He filed a civil rights complaint, without legal representation, concerning his medical care, forced medication, and religious freedom while incarcerated. ECF No. 1. As part of his initial filings, he moved for the Court to enter a temporary restraining order ("TRO") and preliminary injunction. ECF No. 3. On May 31, 2024, the Court referred all pretrial matters in this case to Magistrate Judge Kimberly Altman. ECF No. 29. On July 1, 2024, Judge Altman issued a report and recommendation to deny Lentz's motion. ECF No. 57. To date, no parties have filed any objections to the order.

　　　　The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "*de novo* determination of those portions of the report … to which objection is made." *Id*. Additionally, "a judge of the court may accept,

1

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. If neither party filed objections to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn,* 474 U.S. 140, 149–52 (1985).

Because there are no objections on the record, the Court will instead note its agreement with the R&R's analysis and conclusion. Courts in the Sixth Circuit apply the same standard to a motion for a temporary restraining order (TRO) and a motion for a preliminary injunction. *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Under that standard, the factors are: (1) whether the movants have a strong likelihood of success on the merits, (2) whether the movants would suffer irreparable injury absent a TRO or preliminary injunction, (3) whether granting the TRO or preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the TRO or preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

Lentz sought to stop MDOC from treating him with Risperdal Consta injections because of severe skin rashes, which he believed were allergic reactions to the medicaton. ECF No. 3, PageID.78. This is already the reverse of a preliminary injunction, which is meant to preserve the status quo. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th

2

Cir. 2004). However, his medical records, attached to MDOC's response to his motion, show that the skin rashes he complained of ailed him before he received those shots and after they were discontinued after January 3, 2024. ECF No. 49-1, PageID.353, 359–60. Therefore, the injections did not cause the rashes. Rather, the records show that his rash cleared after he received injections for a scabies infection. *Id.* at PageID.357, 359. Lentz fails to establish that he has a strong likelihood of success on the merits, he would suffer irreparable injury absent injunctive relief, or the public interest would be served by granting the temporary restraining order or preliminary injunction. Simply put, the action he sought to stop has stopped. Therefore, it is no longer necessary to grant such relief.

The Report and Recommendation (ECF No. 57) will be **ACCEPTED and ADOPTED** as this Court's findings of fact and conclusions of law. The Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 1, 2024     /s/Terrence G. Berg
                          HON. TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE