UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LENTZ,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

Case No.  2:24-cv-10198
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

_____/

## <u>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL</u><br><u>(ECF Nos. 86, 87, 88)</u>

### I.    Introduction

This is a prisoner civil rights case.  Plaintiff Gary Lentz (Lentz), proceeding *pro se*, filed a complaint naming, proceeding *pro se*, filed a complaint naming the following as defendants: Michigan Department of Corrections (MDOC), Heidi Washington (Washington), Aleksandra Wilanowski (Wilanoski), Scott Webster (Webster), Joshua Walendzik (Walendzik), Lisa Bailey (Bailey), Jeanine Gauss (Gauss), Valenzik, Joni Maclean (Maclean), Colleen Edgington (Edgington), Jamie Rusch (Rusch), Kim Farris (Farris), Bridget Spencer (Spencer), Sandra Brunson (Brunson), Ivan Hernandez (Hernandez), Gregor Cohill (Cohill), Adam Caporuscio (Caporuscio), Matthew Nguyen (Nguyen), Evan Sanders (Sanders), Vincent

1

Amalfitano (Amalfitano), Zachary Miller (Miller), Michael White (White), Harold Obiakor (Obiakor), and Wellpath.[1] (ECF No. 1). Lentz asserts federal claims under § 1983, the Americans with Disabilities Act, as well as state law claims for assault and battery, gross negligence, intentional infliction of emotional distress, and medical malpractice. In broad terms, Lentz claims that he is not receiving proper treatment for his mental health condition and has been given medication which causes an allergic reaction. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been recently referred to the undersigned. (ECF No. 29)

The following motions are pending:

- Wellpath, Wilanowski, Farris, and Obiakor (the "Wellpath Defendants") motion to dismiss and for summary judgment (ECF No. 60);
- Edgington and Walendzik's motion to dismiss (ECF No. 70);
- Brunson's motion to dismiss (ECF No. 74); and
- Lentz's motions to compel discovery (ECF Nos. 86, 87, 88).

Lentz's motions to compel, filed on November 1, 2024, are against defendants Wilanowski, Farris, and Obiakor (ECF No. 86), Amalfitano and Spencer (ECF No. 87), and Gauss (ECF No. 88).

As will be explained, Lentz's motion to compel are premature at this time in the case. Accordingly, the motions will be DENIED.

---

[1] Names are spelled as they appear in defendants' filings. Proceedings against Wellpath have been stayed due to its filing for bankruptcy. (ECF No. 92).

2

## II. Background

Lentz's complaint was filed on January 25, 2024. (ECF No. 1). Service is ongoing as to two defendants—Valenzik and Bailey—but the rest have been served and have filed pending motions to dismiss or for summary judgment. No defendants have answered the complaint, as they are not required to do so under 42 U.S.C. § 1997e(g)(1).

Lentz says in his motions to compel that Wilanowski, Obiakor, Farris, and Gauss have failed to respond to his discovery requests, and that Amalfitano and Spencer's "responses consisted of stonewalling the pro se prisoner litigant's requests with equivocations." (ECF No. 87, PageID.746) (emphasis in original). Amalfitano and Spencer filed a response, asserting that their discovery responses were appropriate and that Lentz has failed to highlight a legal issue with them. (ECF No. 90). Gauss also filed a response, stating that her discovery response was sent within the time for doing so and that Lentz's motion as to her is moot. (ECF No. 89). Wilanowski, Obiakor, and Farris have not responded to Lentz's motion to compel.

## III. Discussion

Although the parties have not raised this issue, a scheduling order has yet to be entered in this case. This is because, as noted above, there are pending dispositive motions from every defendant that has been served, and two defendants

3

on which service is outstanding. A scheduling order will not be entered until defendants' motions are resolved, if any claims remain.

In the absence of a scheduling order, Lentz's discovery requests are premature, notwithstanding the responses he has already received. *See, e.g.*, *Brown v. Snyder*, No. 19-11325, 2020 WL 6342669, at *2 (E.D. Mich. Oct. 29, 2020) ("In *pro se* prisoner civil litigation, such as this case, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines."); *Annabel v. Fronczak*, No. 2:23-CV-12346, 2024 WL 4245400, at *1 (E.D. Mich. Sept. 19, 2024), *aff'd*, 2024 WL 4433064 (E.D. Mich. Oct. 7, 2024) (same). If any claims remain after defendants' motions are resolved, the Court will issue a scheduling order. At that time, Lentz may proceed to send discovery requests to defendants and may renew his motions to compel if they are denied or not responded to within the appropriate timeframe.

## IV. Conclusion

For the reasons stated above, Lentz's motions to compel (ECF Nos. 86, 87, 88) are DENIED.

SO ORDERED.

Dated: November 22, 2024             s/Kimberly G. Altman
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 22, 2024.

                                      s/Dru Jennings
                                      DRU JENNINGS
                                      Case Manager