UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GARY LENTZ,** <br><br> Plaintiff, <br><br> vs. <br><br> **MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,** <br><br> Defendants. | **2:24-CV-10198-TGB-KGA** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> **(ECF NO. 95)** |

    Gary Lentz is a prisoner at the Macomb Correctional Facility ("Macomb") in Lenox Township, Michigan serving sentences for aggravated indecent exposure and use of the internet to commit a crime. *Gary Michael Lentz*, Michigan Department of Corrections, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=655484 (last visited Feb. 19, 2025).

    In 2024, Lentz filed a lawsuit against 23 individuals who worked at Macomb, along with the Michigan Department of Corrections ("MDOC") and Wellpath Inc. Lentz claimed that those individual and corporate defendants violated his civil rights by improperly medicating him, which injured him, and then refusing to properly treat him for those injuries. ECF No. 1, PageID.6-9. On May 31, 2024, this Court referred Lentz's lawsuit to United States Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a potential report and recommendation

on dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 29, PageID.264.

Several of the defendants ("Defendants") filed motions to dismiss Lentz's case. ECF No. 30 (Defendants Gauss, Maclean); ECF No. 60 (Defendants Wellpath, Obiakor, Farris, Wilanowski); ECF No. 70 (Defendants Edgington, Walendzik); ECF No. 74 (Defendant Brunson). On January 15, 2025, Judge Altman issued a Report and Recommendation. ECF No. 95. Judge Altman recommended that the Court grant in part and deny in part Defendants Wellpath, Obiakor, Farris, and Wilanowki's Motion to Dismiss, such that Wellpath and Wilanowski would remain in the case. ECF No. 95, PageID.901.

Judge Altman recommended that the Court grant the Motions to Dismiss of Defendants Gauss, Maclean, Edgington, Walendzik, and Brunson. *Id.* Judge Altman found that Lentz had failed to administratively exhaust his claims against those defendants as required by the Prison Litigation Reform Act, and that as such his claims against those defendants must be dismissed. *Id.* at PageID.887-888, PageID.891-93, PageID.901.

Lentz filed Objections to Judge Altman's Recommendations on February 4, 2025 (dated January 27, 2025). ECF No. 99, PageID.937-38. The Defendants filed various Responses. ECF Nos. 100; 101; 102. Lentz filed a Reply on February 24, 2025 (dated February 17, 2025). ECF No. 106.

For the following reasons, the Report and Recommendation of the Magistrate Judge will be **ACCEPTED**, Lentz's objections will be **OVERRULED**, and judgment will enter in favor of Defendants as recommended by Judge Altman.

## I. STANDARD

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

"The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001).

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... or receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## II. OBJECTIONS AND ANALYSIS

### A.    Objection as to the Dismissal of Defendant Gauss

The Court need only review the factual and legal conclusions in the Report and Recommendation that are the subject of a party's objection. *Ghaster*, 913 F. Supp. 2d at 452. Here, Judge Altman found as a fact that MDOC did not receive the final step of Lentz's grievance against Gauss until after Lentz filed his legal complaint against Gauss. ECF No. 95, PageID.899. Judge Altman concluded as a matter of law that the grievance process is not exhausted until MDOC has completed the final step of the grievance process. *Id.* at PageID.893. Judge Altman also concluded that the Prison Litigation Reform Act "requires prisoners to properly exhaust all available administrative remedies prior to filing a lawsuit," such as this one, "challenging prison conditions." *Id.* at PageID.891 (internal quotations and citations removed). Lentz did not object to any of these factual or legal conclusions, so the Court does not need to review them.

Judge Altman found that because MDOC did not receive the final required step of Lentz's grievance against Gauss until after Lentz filed his legal complaint against Gauss, that Lentz failed to properly exhaust his administrative remedies. *Id.* at PageID.899-900. Lentz objected to this conclusion. ECF No. 99, PageID.937. Lentz argued that he was subject to Modified Access status at the time he filed his grievance against Gauss, and that pursuant to MDOC policies, "[o]nce a written denial is issued for a request" made by someone on Modified Access, "that denial is final." *Id.* He argues that this means that once he received the initial written denial of his grievance against Gauss, his administrative remedies were exhausted—and it was not necessary for him to pursue the grievance through Step II and Step III of MDOC's grievance procedure, as is normally required for exhaustion. *Id.*

However, this Court's review of the policies that Lentz cites do not support the conclusion that written denial of a Modified Access request amounts to proper administrative exhaustion. The policy states that "[g]rievances categorized as non-grievable must be appealed . . . through all steps of the grievance process in order to exhaust administrative remedies since the non-grievable designation may be overturned at Step II or Step III." *Id.* at PageID.942. None of the rules for Modified Access grievants cited by Lentz change this procedure. "A grievant may file a Step II grievance if they are dissatisfied with the response received at Step I or if they did not receive a timely response." *Id.* at PageID.946. "A

grievant may file a Step III grievance if they are dissatisfied with the Step II response or [do] not receive a timely response." *Id.*; *see also* "Modified Access" rules, at PageID.947, which do not change the Step II/Step III grievance appeal process. Additionally, another policy document Lentz cites to states that a Modified Access inmate may still be given a Step II appeal form. *Id.* at PageID.955-56.

Contrary to Lentz's claims that "[o]nce a written denial is issued for a request for a [Modified Access] First Step grievance . . . that denial is final," the Court did not find that Lentz's exhibits contained such provisions. *See id.* at PageID.947, PageID.955-56. The MDOC policies added restrictions and additional rules for Modified Access grievants, but did not change the requirements for exhaustion.

Therefore, Lentz has not pled facts that he exhausted his complaint against Gauss merely by filing a Step I grievance while on Modified Access status. Lentz still had to proceed through Step II and Step III to properly exhaust his claim. By failing to do so, Lentz failed to exhaust his claim against Gauss, as correctly found by Judge Altman. Judge Altman's Recommendation to dismiss that claim is **ADOPTED**.

### B. Objections as to the Dismissal of Defendants Farris, Obiakor, Gauss, Maclean, Edgington, Walendzik, and Brunson

Judge Altman found that Lentz had failed to exhaust his remedies against Defendants Farris, Obiakor, Gauss, Maclean, Edgington, Walendzik, and Brunson, and that his claims against them must

therefore be dismissed. ECF No. 95, PageID.898, PageID.900-01. Lentz objected to this finding, arguing that where prison grievance remedies are "unavailable" because officers are unable or consistently unwilling to provide relief, prisoner exhaustion is excused. ECF No. 99, PageID.938 (citing *Ross v. Blake*, 578 U.S. 532, 643 (2016); ECF No. 106, PageID.993 (citing *Lamb v. Kendrick*, 52 F.4th 286, 295 (6th Cir. 2022)).

Lentz is correct that if a plaintiff prisoner "contends that he was prevented from exhausting his remedies, the defendant must present evidence showing that the plaintiff's ability to exhaust was not hindered." *Lamb*, 52 F.4th at 295 (internal quotations removed, quoting *Surles v. Andison*, 678 F.3d 452, 457 n.10 (6th Cir. 2012)). But the record shows that Lentz's ability to exhaust was not hindered: for example, Judge Altman found that Lentz had properly exhausted his Eighth Amendment claim against one of the defendants, Dr. Wilanowski. ECF No. 95, PageID.898.

Apart from the fact that Lentz did exhaust one of his claims, Lentz has not pled facts sufficient to survive a motion to dismiss that his prison grievance remedies were "unavailable" because officers were unable or consistently unwilling to provide relief, or because the grievance process was otherwise unavailable to him. A court can "draw upon [its] judicial experience and common sense to decide whether . . . claims are plausible" enough to survive a motion to dismiss." *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021).

In his Response to Maclean and Gauss' Motion to Dismiss, Lentz alleges that his "MDOC Formal Administrative [grievances] were corruptly pretexted," presumably meaning denied, but he provides no facts explaining why the grievances were "corruptly" denied. ECF No. 58, PageID.393. He alleges that he submitted a MDOC grievance "that was inappropriately denied." *Id.* at PageID.397. But in the record Lentz submitted, his grievance was rejected at Step I on the grounds that he "has been seen by healthcare several times" for the medical issue in question, and that he would "continue to be monitored by healthcare." *Id.* at PageID.416. Lentz's appeal at Step II was denied as unsupported by the facts. *Id.* at PageID.419. And his appeal at Step III was denied for the same reasons. *Id.* at PageID.420. Lentz has not shown facts from which the Court could infer that the grievance process was unavailable to him.

In his Response to Wellpath, Obiakor, Farris, and Wilanowski's Motion to Dismiss, Lentz cites to a grievance appeal of his in which he accused the individual who denied his grievance against "criminally conceal[ing] staff corruptly organizing, including with criminal gangs/prisoners." ECF No. 72, PageID.588. But Lentz fails to point to facts supporting his claim of such "corrupt organizing," or how it rendered the grievance process truly "unavailable." Lentz alleges that his grievance "was rejected due to machinated reasons . . . to thwart the Plaintiff," *id.* at PageID.588, but he provides no facts or evidence explaining why this is true.

Lentz argues that he submitted multiple medical kites without resolution, "in which the Defendants are using their grievance process as a machination to thwart justice of redress to the Plaintiff to cloak their misconduct with a [labyrinth] made of procedural defaults to circumvent." *Id.* at PageID.591. The medical kites are not the grievance process, and Lentz has not shown that the grievance process itself was "unavailable."

In short, Lentz only *states* that the officers evaluating his grievances were unable or consistently unwilling to provide relief. He does not plead facts which would allow this Court to determine, using common sense, whether Lentz's claims are plausible enough to survive a motion to dismiss. *Crawford*, 15 F.4th at 762.

Lentz objected to Judge Altman's Report and Recommendation on the grounds that the grievance remedy was unavailable, such that exhaustion of his claims was not required. ECF No. 99, PageID.938; ECF No. 106, PageID.993-94. Upon careful review of the record, the pleadings, and the relevant case law, this Court finds that Lentz has not pled facts sufficient to support a claim that the grievance process was unavailable to him. Consequently, Plaintiff fails to state a plausible claim as to certain of the defendants and their various Motions to Dismiss must be granted. Accordingly, the Court **ADOPTS** Judge Altman's recommendation to dismiss Lentz's claims against Defendants Farris,

Obiakor, Gauss, Maclean, Edgington, Walendzik, and Brunson for failure to exhaust.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Judge Altman's January 15, 2025 Report and Recommendation (ECF No. 95) is **ACCEPTED AND ADOPTED**.

Lentz's claims against Farris, Obiakor, Gauss, Maclean, Edgington, Walendzik, and Brunson are **DISMISSED WITHOUT PREJUDICE**. *See* ECF No. 95, PageID.901. Lentz's case will continue against the MDOC, Caporuscio, Cohill, Hernandez, Miller, Amalfitano, Nguyen, Rusch, Saunders, Spencer, Washington, Webster, White, Valenzik, Bailey, and Wilanowski. *See id.* at PageID.901-02.

**IT IS SO ORDERED**.

Dated: March 14, 2025        /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE