UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GARY LENTZ**<br><br>Plaintiff,<br><br>vs.<br><br>**MDOC et al.,**<br><br>Defendants. | **2:24-CV-10198-TGB-KGA**<br><br>**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>**(ECF NO. 128)** |

Gary Lentz is a prisoner at the Richard A. Handlon Correctional Facility in Ionia, Michigan serving sentences for aggravated indecent exposure and use of the internet to commit a crime. *Gary Michael Lentz*, Michigan Department of Corrections, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=655 484 (last visited Feb. 4, 2026).

In 2024, Lentz filed a lawsuit against 23 individuals who worked a at the Macomb Correctional Facility ("Macomb") in Lenox Township, Michigan—where he was previously serving his sentence—along with the Michigan Department of Corrections ("MDOC") and Wellpath Inc. Lentz claimed that those individual and corporate defendants violated his civil rights by improperly medicating him, which injured him, and then refusing to properly treat him for those injuries. ECF No. 1, PageID.6-9.

1

On May 31, 2024, this Court referred Lentz's lawsuit to United States Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a potential report and recommendation on dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 29, PageID.264.

On March 28, 2025, Defendants MDOC, Heidi Washington, Scott Webster, Rusch, Spencer, Hernandez, Cohill, Caporuscio, Nguyen, Sanders, Amalfitano, Miller, and White (together, "MDOC Defendants") filed a motion for summary judgment on the basis of exhaustion. ECF No. 113.

On June 19, 2025, Defendant Wellpath Inc. ("Wellpath") filed a motion to dismiss based on bankruptcy discharge. ECF No. 122.

On July 23, 2025, Defendant Lisa Bailey filed a motion for summary judgment on the basis of exhaustion. ECF No. 125.

On September 11, 2025, Judge Altman issued a Report and Recommendation. ECF No. 128. Judge Altman recommended that MDOC Defendants' motion be granted in part and denied in part. *Id.* at PageID.1503. Specifically, Judge Altman recommended that "Caporuscio, Cohill, Hernandez, Nguyen, Rusch, Saunders, Spencer, Washington, Webster, Bailey, and White should be dismissed without prejudice for Lentz's failure to exhaust administrative remedies as to them" and "[t]he case should continue against the MDOC, Amalfitano, and Miller, in addition to the other remaining defendant, Dr. Wilanowski." *Id.*

2

Judge Altman recommended that Wellpath's motion should be granted. *Id.* Lastly, Judge Altman recommended that Bailey's motion should be granted and she should be dismissed without prejudice. *Id.*

Lentz filed Objections to Judge Altman's Recommendations on October 29, 2025 (dated October 21, 2025). ECF No. 129. MDOC Defendants responded. ECF No. 130.

For the following reasons, the Report and Recommendation of the Magistrate Judge will be **ACCEPTED** and Lentz's objections will be **OVERRULED**. Accordingly, Caporuscio, Cohill, Hernandez, Nguyen, Rusch, Saunders, Spencer, Washington, Webster, Bailey, and White are **DISMISSED WITHOUT PREJUDICE**, Wellpath is **DISMISSED**, and Bailey is **DISMISSED WITHOUT PREJUDICE**. The case will continue against the MDOC, Amalfitano, Miller, and Aleksandra Wilanowski.

## I.  LEGAL STANDARD

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

"The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452 (N.D. Ohio 2012)

3

(*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001).

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... or receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## II. OBJECTIONS AND ANALYSIS

Plaintiff raises two objections. First, Plaintiff argues that "he has exhausted his claims through appeals of the Hearing Committee's decision regarding involuntary treatment." ECF No. 129, PageID.1520. Second, Plaintiff argues that the Report and Recommendation is "clearly

4

erroneous and contrary to law in light of" *Perttu v. Richards*, 605 U.S. 460 (2025). *Id.*

MDOC Defendants argue that Plaintiff's objections are untimely "and should therefore be disregarded." ECF No. 130, PageID.1524.

Judge Altman's Report and Recommendation was issued September 11, 2025, and served on Plaintiff on the same day. ECF No. 128. Accordingly, as provided for in Federal Rule of Civil Procedure 72(b)(2), Plaintiff could file his objections until September 25, 2025. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). However, Plaintiff did not file his objections until October 29, 2025. Thus, Plaintiff's objections are indeed untimely.

However, the Court is nonetheless authorized to address Plaintiff's objections. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *cf. Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450 (6th Cir. 2007) (Rule barring appeal of adoption of a magistrate judge's report and recommendation when appellant has failed to timely object "is procedural and not jurisdictional, and the court may excuse compliance with it in the interests of justice."). Accordingly, the Court addresses the merits of Plaintiff's objections.

The Court need only review the factual and legal conclusions in the Report and Recommendation that are the subject of a party's objection.

*Ghaster*, 913 F. Supp. 2d at 452. Accordingly, the Court addresses the two objections in turn.

### A. Plaintiff has not exhausted his claims through appeals of the Hearing Committee's decision regarding his involuntary treatment

Plaintiff argues that "he has exhausted his claims through appeals of the Hearing Committee's decision regarding involuntary treatment." ECF No. 129, PageID.1520. Plaintiff argues that "[t]he MDOC has set-up an appeal process that a prisoner cannot grieve any issues directly relating to misconducts." *Id.* Plaintiff adds that "a prisoner … should not be *limited* to having to likewise, file a grievance, additionally [to appealing a Hearing Committee's decision]." *Id.*

Judge Altman has already directly addressed this argument:

Lentz also argues that he has exhausted his claims through appeals of the Hearing Committee's decision regarding involuntary treatment. (ECF No. 117, 127) (citing MDOC Policy Directive 04.06.183 ¶ DD). However, the Sixth Circuit has stated that there is "no authority for the contention that challenges to involuntary treatment-committee hearings are not addressed under the normal MDOC grievance procedure." Therefore, his appeal of the Hearing Committee's decision does not alone exhaust his claims.

ECF No. 128, PageID.1514 n.3 (citing *Peterson v. Polavarapu,* No. 21-1827, 2023 WL 11715293, at *3 (6th Cir. Nov. 22, 2023)). The Court agrees. "A Michigan prisoner exhausts his administrative remedies by timely proceeding through a three-step grievance process." *Peterson*,

6

2023 WL 11715293, at *3. There is "no authority for the contention that challenges to involuntary-treatment-committee hearings are not addressed under the normal MDOC grievance procedure." *Id.* Thus, challenges to involuntary-treatment-committee hearings must be exhausted through the normal MDOC grievance procedure. *Id.*

Accordingly, the Court overrules Plaintiff's first objection.

### B. The Report and Recommendation is not contrary to the Supreme Court's decision in *Perttu v. Richards*, 605 U.S. 460 (2025).

Next, Plaintiff argues that the Report and Recommendation is "clearly erroneous and contrary to law in light of" *Perttu*, 605 U.S. 460 (2025). ECF No. 129, PageID.1520. Specifically, Plaintiff argues that *Perttu* held that "parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Id.* (citing *Perttu*, 605 U.S. at 468).

As MDOC Defendants point out, in *Perttu*, the plaintiff claimed, in his retaliation claim, that the defendant "ripped up the plaintiffs' grievance forms, threw them away, and threatened to kill the plaintiffs if they filed more." *Perttu*, 605 U.S. at 465. Then, defendant

> moved for summary judgment, arguing that the plaintiffs had failed to exhaust available grievance procedures as required by the PLRA. To support his motion, Perttu submitted an affidavit from a prison grievance coordinator attesting that there was no record evidence of the plaintiffs filing grievances about sexual abuse by Perttu in 2019 or 2020.

*Id.* at 466. In that context, the Sixth Circuit held that "parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Id.* at 468.

Here, however, the issue of exhaustion is not intertwined with Plaintiff's claims. Nor does *Perttu* does not change the practice of granting summary judgment when there is no genuine dispute as to any material fact. Thus, where, as here, there is no genuine dispute as to exhaustion, *Perrtu* is not implicated. *See Herod v. King*, No. 22-086, 2025 WL 2298969, at *5 (N.D. Tex. Aug. 8, 2025) (*Perttu* is not implicated when there is no genuine dispute as to exhaustion).

Thus, the Court overrules Plaintiff's second objection.

## III. CONCLUSION

The Court overrules Plaintiff's two objections. No other objections have been made. Nevertheless, the Court has reviewed the remainder of Judge Altman's Report and Recommendation and finds that it is well-reasoned and supported by the applicable law. It is hereby **ORDERED** that Judge Altman's Report and Recommendation of September 11, 2025, (ECF No.128) is **ACCEPTED** and **ADOPTED**. Accordingly, MDOC Defendants' motion for summary judgment (ECF No 113) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Caporuscio, Cohill, Hernandez, Nguyen, Rusch, Saunders, Spencer, Washington, Webster,

Bailey, and White are **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust administrative remedies. Wellpath's motion to dismiss (ECF No. 122) is **GRANTED** and Wellpath is **DISMISSED.** Bailey's motion for summary judgment (ECF No. 125) is **GRANTED** and Bailey is **DISMISSED WITHOUT PREJUDICE**. The case will continue against the MDOC, Amalfitano, Miller, and Aleksandra Wilanowski.

      **SO ORDERED**.

Dated: February 10, 2026         s/Terrence G. Berg
                                      HON. TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE